F. Warren Kahn, Esq. Town Attorney, Wheatfield
I am writing in response to your request for an Attorney General's opinion as to whether a conflict of interest exists when a town employee charged with arranging group tourist travel on behalf of the town's senior citizens accepts a free trip from the travel agency that sponsors the trip.
As your letter indicates, the Town of Wheatfield employs a part-time "Senior Citizens Leader" whose duties include planning and conducting a program of diversified leisure time activities for older persons. The job description includes the following language:
 "Employees in this class work with older adults in the development, organization and promotion of a diversified educational, recreational, and social program. The work involves giving direct leadership to activities" (Job Description dated June 24, 1985).
In the past, the program has included group vacations and other package trips. The newsletter circulated to the town's senior citizens contained the following notice for a typical trip:
 "MAY — We will be going on a one-week Caribbean Cruise. This is opened to the [Public]. If you have any friends or relatives interested, please contact them . . ." (Town of Wheatfield Senior Highlights, January, 1986, Volume XIV).
At the same time, the sponsoring travel agency advertised the same cruise to the general public in its newsletter and gave the name of the senior citizen leader as the cruise's escort.
Your letter indicates that the leader is not required by the town board to accompany the senior citizens on the trips in question, but participates of her own volition. She has never requested permission to go nor has she been granted permission to go. Her activities on the trips are coordinated through a travel committee of the senior citizens group on which the leader sits as an ex officio member. She receives no salary or reimbursement while on a trip. Selection of the travel agency is in the sole discretion of the senior citizens leader. The travel agency sponsoring the trip in the past has given the leader a free trip if a sufficient number of persons made reservations. You have asked whether the receipt of a free trip by the leader constitutes a prohibited conflict of interest.
Initially, we suggest you consult your town code of ethics for guidance. The development of ethics standards to define when private conduct is in conflict with the official duties of a local government officer or employee has been left to the governing body of the municipality (General Municipal Law, § 806[1]). Governing bodies of a county, city, town, village and school district are required to adopt a code of ethics which must include these and other standards (ibid.). A code of ethics may provide for the prohibition of conduct in violation of ethics standards (ibid.). Local governments are authorized to establish boards of ethics, which may render advisory opinions to local officers and employees concerning compliance with standards established by a code of ethics (id., § 808).
Because the immediate case does not involve a contract between the town and the travel agency, in which a town officer or employee has an "interest", the conflict of interest provisions found in Article 18, section 801, et seq., of the General Municipal Law are not applicable. Nevertheless, we will address the question of whether the activity described in your letter violates common law conflict of interest standards, which co-exist with the provisions of section 801 (Op Atty Gen No. 86-54, Op Atty Gen No. 85-33).
Here, the senior citizens leader has the duty to select a package cruise or vacation which is most appropriate and represents the best value for the town's senior citizens. When one of the travel agencies sponsoring these trips offers a free trip to the leader, we believe that an appearance of impropriety results. It may appear to the public that the leader's selection of the travel agency was influenced by the receipt of a free trip. Furthermore, because the trip is contingent on a certain number of reservations being made, the leader's solicitation of non-seniors to participate is suspect. Encouraging these persons to travel is not part of her job duties, yet would assist in her obtaining sufficient reservations for a free trip.
Furthermore, in addition to the common law conflict of interest, we note that acceptance of the free trip by the leader would probably violate section 805-a of the General Municipal Law, which provides:
 "No municipal officer or employee shall: a directly or indirectly, solicit any gift, or accept or receive any gift having a value of twenty-five dollars or more, whether in the form of money, service, loan, travel, entertainment, hospitality, thing or promise, or in any other form, under circumstances in which it could reasonably be inferred that the gift was intended to influence him, or could reasonably be expected to influence him, in the performance of his official duties or was intended as a reward for any official action on his part . . ." (General Municipal Law, § 805-a[1]).
We conclude that a prohibited conflict of interest exists when a town employee charged with arranging tourist travel on behalf of the town's senior citizens accepts a free trip from the travel agency that sponsors the trip.